UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDI SUTTON,

    Plaintiff,

v.                                            CASE NO. 3:16-cv-886-J-34MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application (Doc. 2) be **DENIED** and that Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation, or else the case will be dismissed without prejudice.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28

---

[1] "Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

U.S.C. § 1915(a)(1).  The Court's decision to grant *in forma pauperis* status is discretionary.  *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  While a litigant need not show he or she is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam).  The Court's "consideration of a party's ability to pay . . . is not limited by the party's application for leave to proceed *in forma pauperis*" and the Court may look beyond the application.  *Id.* at 1307 n.3.

The Application provides that Plaintiff is currently unemployed, but her husband receives monthly earnings of $5,600.00, amounting to an annual household income of $67,200.00.[2]  This income is well above the 2016 poverty

---

[2] Spousal income can be considered in determining Plaintiff's ability to pay for the Court's fees and costs.  *See, e.g.*, *Jones v. St. Vincents Health Sys.*, 2007 WL 1789242, *1 (M.D. Fla. June 19, 2007) (denying an IFP petition based on plaintiff's and his wife's combined monthly income and assets); *see also Brown v. Yellow Freight Trucking*, 2013 WL 85431, *1 (E.D. Cal. Jan. 8, 2013) ("[P]laintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed in forma pauperis.") (citations omitted); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, *1-2 (E.D. Mich. Oct. 16, 2012) ("[C]ourts consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling, or other next friend. . . . The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status.") (internal citations and quotation marks omitted); *Scurtu v. Hospitality & Catering Mgmt. Servs.*, 2011 WL 521621, *6 n.10 (S.D. Ala. Feb. 14, 2011) (compiling cases that the income of close family members, such as spouses and parents, is properly considered in determining indigency).

level for a family of three.³  The Application also provides that Plaintiff or her husband own two cars valued at $20,000.00 and $17,000.00.

Moreover, although the Application provides that the household's total monthly expenses amount to $5,578.00, slightly lower than the total monthly income, some of the listed expenses, including those for transportation (excluding motor vehicle payments), appear inflated.  Also, it appears that "[t]he overall picture of [Plaintiff's family's] finances is consistent with many middle income Americans."  *Olsen v. United States*, 2007 WL 1959205, *2 (D. Me. July 3, 2007).  While Plaintiff states that she expects her medical expenses to increase this year due to "possible" back fusion and her daughter's expected adenoids removal, she failed to explain how much she expects to spend out of pocket.

Although the family's household income puts Plaintiff's family well above the poverty level, and apparently the family also has the ability to borrow money as indicated by the monthly credit card payments in the amount of $605.00, Plaintiff is asking the taxpayers to fund her lawsuit.  However, if the Court allows that in this case, "practically every case will become eligible for *in forma pauperis* status depending upon [Plaintiff's] current cash flow status."  *Id.*

Based on the foregoing, it appears that Plaintiff can provide necessities for herself and her dependents, and also pay the filing fee and costs associated with

---

³ The 2016 poverty level for a family of three is $20,160.  *See* https://aspe.hhs.gov/poverty-guidelines.  The Application provides that Plaintiff has one dependent: a 9-year-old daughter.  (Doc. 2 at 3.)

this action "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. Aug. 6, 2001); *see also Schmitt v. U.S. Office of Pers. Mgmt.*, 2009 WL 3417866, *2 (M.D. Fla. Oct. 19, 2009). Therefore, Plaintiff does not meet the financial criteria to proceed *in forma pauperis*, and the undersigned will recommend that Plaintiff be required to pay the filing fee if she wants to proceed with this action. In light of this conclusion, the undersigned need not decide whether this action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," any one of which would require the Court to dismiss the action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.

2. Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation, and that Plaintiff's failure to pay the filing fee in a timely manner result in the dismissal of this action without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on July 26, 2016.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record